# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| TROJUAN CORNETT | § § | |
| v. | § § | CIVIL ACTION NO. 3:18-CV-1395-S |
| CLAYTON WARD | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Clayton Ward's Motion to Dismiss the Second Amended Complaint [ECF No. 37]. For the following reasons, the Court denies the Motion.

### I. BACKGROUND

As the present action is the subject of a prior opinion of this Court, *see* ECF No. 31, the Court will discuss the background facts only to the extent necessary for this Memorandum Opinion and Order.

On May 31, 2018, Plaintiff Trojuan Cornett ("Plaintiff") brought this action against Defendant Clayton ("Ward"), an officer of the Balch Springs Police Department, under 42 U.S.C. § 1983 alleging excessive force, false arrest, failure to intervene, and conspiracy to deprive Plaintiff of his constitutional rights. *See* ECF No. 1. On July 10, 2018, Ward filed his first motion to dismiss, which the Court denied without prejudice after granting Plaintiff an opportunity to replead. *See* ECF Nos. 7, 20. After Plaintiff filed his First Amended Complaint, Ward filed his second motion to dismiss, which the Court granted in part and denied in part. *See* ECF Nos. 21, 23, 31. Specifically, the Court granted Ward's motion as to Plaintiff's excessive force, failure to intervene, and conspiracy claims without prejudice, but denied the motion as to the false arrest claim. *See* ECF No. 31 at 15. The Court further granted Plaintiff leave to amend the dismissed claims. *See id.*

Plaintiff timely filed a Second Amended Complaint, bringing three claims against Ward: (1) an excessive force claim in Count I; (2) a false arrest claim in Count II; and (3) a conspiracy claim in Count III. *See* ECF No. 35. On December 13, 2019, Ward filed the present Motion, seeking the dismissal of the excessive force and conspiracy claims of the Second Amended Complaint, which is now fully ripe and before the Court.

## II. ANALYSIS

### A. *Excessive Force Claim*

In his Motion, Ward seeks the dismissal of Plaintiff's excessive force claim for failure to state a claim and under the doctrine of qualified immunity. *See* Br. ¶¶ 3, 13-14. For the reasons explained below, the Court denies the Motion as to the excessive force claim.

#### (1) *Rule 12(b)(6)*

"To succeed on an excessive[]force claim, the plaintiff must show '(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'" *Defrates v. Podany*, 789 F. App'x 427, 432 (5th Cir. 2019) (quoting *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009)). To satisfy the first element of the claim, a plaintiff must demonstrate that the conduct resulted in more than *de minimis* injury. *See Westfall v. Luna*, 903 F.3d 534, 548 (5th Cir. 2018) (citing *Brooks v. City of W. Point*, 639 F. App'x 986, 990 (5th Cir. 2016)). Where injuries from taser or pepper spray are concerned, a plaintiff must allege some long-term effect and not mere pain. *See Martinez v. Nueces Cty.*, Civ. A. No. 2:13-CV-178, 2015 WL 65200, at *10 (S.D. Tex. Jan. 5, 2015) (collecting authorities). Here, the Court finds that Plaintiff pleaded sufficient facts as to the first element of his excessive force claim because he alleged that the taser permanently scarred him and caused him to limp for several weeks. *See* Second. Am. Compl. ¶¶ 32-34, 72-75. Thus, the Court finds that the taser resulted in more than *de minimis* injury.

2

The second and third elements are "intertwined and [so are addressed] together." *Defrates*, 789 F. App'x at 432 (citing *Darden v. City of Fort Worth*, 880 F.3d 722, 728 (5th Cir. 2018)). "Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citation omitted). For this reason, "[e]xcessive force claims are necessarily fact-intensive; whether the force used is 'excessive' or 'unreasonable' depends on 'the facts and circumstances of each particular case.'" *Ayala v. Aransas Cty.*, 777 F. App'x 100, 104 (5th Cir. 2019) (quoting *Deville*, 567 F.3d at 167). "Factors to consider include 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Deville*, 567 F.3d at 167 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "Even if [an individual is] not under arrest, '[o]fficers may consider a suspect's refusal to comply with instructions . . . in assessing whether physical force is needed to effectuate the suspect's compliance.'" *Westfall v. Luna*, 903 F.3d 534, 548 (5th Cir. 2018) (first alteration added) (quoting *Darden v. City of Fort Worth*, 880 F.3d 722, 729 (5th Cir. 2018)).

Viewing the Second Amended Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff pleaded sufficient facts to show that his injuries resulted directly and only from a use of force that was clearly excessive, and the excessiveness of which was clearly unreasonable. The circumstances, as described in the Second Amended Complaint, demonstrate that Plaintiff was not engaged in any crime and did not pose any risk to the safety of the officers or others. *See Deville*, 567 F.3d at 167. According to Plaintiff, Ward attempted to arrest Plaintiff while Plaintiff was at his home. *See* Second Am. Compl. ¶¶ 16, 19. No exigency warranted immediate action by Ward, as evidenced by the fact that Ward had walked away from Plaintiff's residence, had the time

3

to question Plaintiff's neighbors, and even drove away from the residence.¹ *See id.* ¶¶ 10-11, 13. Moreover, Plaintiff's daughter affirmatively notified Ward that "she was okay" during Ward's first interaction with Plaintiff, and took shelter behind her father following Ward's return. *See id.* ¶¶ 9, 18.

Although Plaintiff did attempt to evade arrest, *see id.* ¶¶ 21-22, the Second Amended Complaint states that "Ward's hand hovered over his taser" *before* Plaintiff attempted to escape, that "Ward did not attempt to negotiate with [Plaintiff] or give warnings that he would taser him," and that Plaintiff "had already fallen to the ground when . . . Ward shot him with his taser." *Id.* ¶¶ 19, 21-22, 25, 26. Taken in the light most favorable to Plaintiff, as is required at this stage of the litigation, these factual allegations suggest that Ward did not appear to respond "with 'measured and ascending' actions that corresponded to [Plaintiff's] escalating . . . physical resistance." *Poole v. City of Shreveport*, 691 F.3d 624, 629 (5th Cir. 2012). Rather, Plaintiff's allegations show that Ward suddenly attempted to apprehend Plaintiff and resorted to his taser soon after Plaintiff showed any sign of resistance. *See Defrates*, 789 F. App'x at 433 ("[A]n officer cannot, in the face of minimal to no resistance, immediately resort to overwhelming force when stopping a suspect for a minor [infraction]."). Accordingly, the Court finds that Plaintiff alleged sufficient facts to state an excessive force claim.

### (2) *Qualified Immunity*

Furthermore, the Court denies Ward's Motion as to the excessive force claim on qualified immunity grounds. When a defendant raises a qualified immunity defense, the plaintiff has the

---

¹ Ward contends that the force used was justified partly "due to [P]laintiff's intoxication and aggressive demeanor." Br. ¶ 14. As the Court previously explained, this argument requires the Court to improperly consider facts in a party's brief. *See* ECF No. 31 at 10 (citing, among other authorities, *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999)). "Should discovery lead to the conclusion that" the force was justified and "there is no genuine issue of fact that could support [an excessive force] claim, there will be no procedural or substantive barrier to the filing of a motion for summary judgment on the issue of qualified immunity." *Khansari v. City of Houston*, 14 F. Supp. 3d 842, 861 (S.D. Tex. 2014).

4

burden of demonstrating the inapplicability of that defense. *Cantrell v. City of Murphy*, 666 F.3d 911, 918 (5th Cir. 2012). To meet this burden, the plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). When considering whether a defendant is entitled to qualified immunity, the Court "must ask whether the law so clearly and unambiguously prohibited his conduct that 'every reasonable official would understand that what he is doing violates [the law].'" *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (alteration in original) (emphasis omitted) (quoting *al-Kidd*, 563 U.S. at 741).

Here, "[w]hen the arrest occurred, [Plaintiff] had a clearly established right to be free from excessive force," *Deville*, 567 F.3d at 169 (citing *Tarver v. City of Edna*, 410 F.3d 745, 753-54 (5th Cir. 2005)), and, as explained above, Plaintiff alleged sufficient facts to demonstrate, in the context of a motion to dismiss, that Ward violated that right. Viewing the Second Amended Complaint in the light most favorable to Plaintiff, the Court finds that "a reasonable officer would have known that the degree of force was unconstitutionally excessive," *id.*, because Plaintiff alleges that Ward resorted to a taser without attempting to apprehend Plaintiff without it, *see* Second Am. Compl. ¶¶ 19, 21-22, 25, 26, and Plaintiff "had not committed any criminal offense," Second Am. Compl. ¶ 21, "was not being lawfully detained," *id.*, did not pose a danger to himself or others, *see id.* ¶¶ 9-11, 13, 18, and "had already fallen to the ground when . . . Ward shot him with his taser," *id.* ¶ 25. Accordingly, the Court denies Ward's Motion as to the excessive force claim.

### B. *Conspiracy Claim*

Ward contends that Plaintiff's conspiracy claim should be dismissed for three reasons: (1) Plaintiff did not plead an underlying deprivation of civil rights; (2) Plaintiff did not plead

5

sufficient facts to establish the existence of an agreement; and (3) the intracorporate conspiracy doctrine bars the conspiracy claim. *See* Br. ¶¶ 15-17. The Court disagrees.

To state a conspiracy claim under § 1983, a plaintiff must allege facts to support "(1) the existence of a conspiracy involving state action" and "(2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019) (quoting *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990)). With regards to the first element, a plaintiff must plead facts showing an agreement between two or more persons or entities. *See Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1953); *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999) ("A conclusory allegation of conspiracy is insufficient." (citation omitted)). Here, "Plaintiff . . . pleaded circumstantial facts" that make it plausible that Ward "acted in concert with [Valentin] to" fabricate evidence and justify Ward's use of a taser. *Wooten v. Roach*, Civ. A. No. 4:18-cv-380, 2019 WL 7067136, at *18 (E.D. Tex. Dec. 23, 2019). According to Plaintiff, Ward and Valentin jointly "fabricated evidence in [a] police report," "came up with a fabricated story,"[2] and claimed that their body cameras were destroyed or malfunctioned. Second Am. Compl. ¶¶ 44, 45, 50, 54-55. Viewing the Complaint in the light most favorable to Plaintiff, these allegations are sufficient to establish the existence of an unlawful agreement. *See Zervas v. Faulkner*, 861 F.2d 823, 836 (5th Cir. 1988) ("[A] conspiracy is usually proved by circumstantial evidence.").

Similarly, the Court finds that the "intracorporate conspiracy doctrine" does not preclude a finding of an agreement between two or more person. Under the intracorporate conspiracy doctrine, a plaintiff cannot state a conspiracy claim against police officers of the same department,

---

[2] Specifically, Plaintiff contends that Ward and Valentin agreed to falsely state in their report that Plaintiff "struck Officer Ward in the chest, with an open palm strike with enough force to send him to the ground" and that Plaintiff's "daughter had a look of fear on her face." Second Am. Compl. ¶¶ 44, 45. These are specific, factual allegations demonstrating the alleged fabrication. *See Cantú v. Moody*, 933 F.3d 414, 420 (5th Cir. 2019).

because the officers and the department are a single entity that is "incapable of conspiring with itself for the purposes of § 1983." *Thompson v. City of Galveston*, 979 F. Supp. 504, 511 (S.D. Tex. 1997) (citations omitted); *see also Ezell v. Wells*, No. 2:15-CV-00083-J, 2015 WL 4191751, at *18 (N.D. Tex. July 10, 2015) (collecting authorities). The intracorporate conspiracy doctrine may not apply, however, where the agents engage in acts that exceed the bounds of their authority. *See, e.g., Collins v. Bauer*, Civ. A. No. 3:11-CV-00887-B, 2012 WL 443010, at *8-9 (N.D. Tex. Jan. 23, 2012) (finding that the intracorporate conspiracy doctrine did not apply where the officers "engaged in unauthorized acts" by "mov[ing] Plaintiff out of the dashboard camera's view, . . . tamper[ing] with evidence, and fil[ing] a false police report in an effort to conceal their actions"). The allegations of evidence tampering and other misconduct contained within the Second Amended Complaint are sufficient to deny the application of the intracorporate conspiracy doctrine at the motion to dismiss stage, as the Court must accept as true Plaintiff's factual allegations.

Finally, the Court finds that Plaintiff adequately pleaded the deprivation of a civil right in furtherance of the conspiracy by Ward—an alleged party to the conspiracy. Plaintiff brought a claim for false arrest, *see* Second Am. Compl. ¶¶ 76-83, and the Court denied Ward's motion to dismiss this claim, *see* ECF No. 31 at 8-11. The alleged fabrication of evidence supports the same false arrest claim. *See Cantú*, 933 F.3d at 420 n.2 (citing *Manuel v. City of Joliet*, 137 S. Ct. 911, 921-22 (2017)). Accordingly, the Court finds that Plaintiff adequately pleaded both elements of a § 1983 conspiracy claim to survive a motion to dismiss. *See Shaw*, 918 F.3d at 419 (quoting *Pfannstiel*, 918 F.2d at 1187).

### III. CONCLUSION

For the reasons discussed above, the Court denies Ward's Motion to Dismiss the Second Amended Complaint.

7

**SO ORDERED.**

SIGNED February 25, 2020.

_____
KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE